UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

        Plaintiff,

v.                                          Case No. 2:03-cv-216
                                              HON. R. ALLAN EDGAR

WILLIAM OVERTON, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Gregory A. Figel, an inmate currently confined at the Ionia Maximum Correctional Facility (AMF), initially filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on October 17, 2003, against several employees of the Michigan Department of Corrections (MDOC). Specifically, defendants include MDOC Director William Overton, MDOC Special Activities Coordinator David Burnett, and MDOC Director Patricia Caruso. Plaintiff's complaint alleges that on November 1, 2002, defendant Overton implemented MDOC Policy Directive 05.03.118, which provides that prohibited mail includes a book, magazine, newspaper, or other publication that is not received directly from the publisher or from an authorized vendor, or not ordered by the prisoner using established ordering procedures. Plaintiff claims that, pursuant to this policy, he has had religious books confiscated and rejected on the following dates in 2003, May 6, May 16, May 20, May 21, and June 11. These publications were sent by the Philadelphia Church of God (PCG).

Plaintiff's complaint asserts that he filed several grievances and sent letters of complaint to the named defendants, but that he has not received any relief. In his complaint, Plaintiff

claims that defendants violated his rights under the First and Fourteenth Amendments, as well as his rights pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA).

On December 2, 2003, the court dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e), § 1915A, and 42 U.S.C. § 1997e(c). Plaintiff filed an appeal and the Sixth Circuit reversed and remanded the case with regard to Plaintiff's First Amendment and RLUIPA claims. Defendants then filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. On March 9, 2006, the court granted defendants' motion in part, dismissing plaintiff's request for injunctive and declaratory relief. The remaining claims are for damages for alleged violations of plaintiff's First Amendment rights and rights under the RLUIPA

Defendants move for summary judgment on the remaining two claims. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375,

382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position

will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether

there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.

*See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence

of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas

& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind

created factual issue).

　　　　　Defendants argue that they are entitled to qualified immunity on plaintiff's claim

under the RLUIPA because it was not clearly established that the Act was constitutional until 2005

when the Supreme Court decided *Cutter v. Wilkinson*, 125 S.Ct. 2113 (2005).  Defendants concede

that the RLUIPA was signed into law in September 2000, and the events of this lawsuit occurred in

May and June 2003.  Defendants argue that since the Sixth Circuit had not ruled on the

constitutionally of the RLUIPA, it could not be considered clearly established law and they are

entitled to qualified immunity.  To further bolster their argument, defendants point out that the Sixth

Circuit mistakenly ruled that the RLUIPA was unconstitutional on November 7, 2003.  In order to

adopt defendants' argument, the court would have to make a rule that whenever a law is enacted in

this country, it is not clearly established law until a court first rules on its constitutionality.  In the

opinion of the undersigned, as soon as the RLUIPA was signed into law, it became clearly

established law in this country.  Defendants have not argued that under the RLUIPA it was not

clearly established whether the Act applied to prisoners.  Rather defendants argue that it was not

clearly established whether the RLUIPA was constitutional.  Defendants cannot hide behind the

decision of the Sixth Circuit when the court ruled improperly that the RLUIPA was unconstitutional,

because that ruling came after the asserted conduct in this case.  Defendants' assertion of qualified

immunity based upon a lack of a court ruling that the Act was constitutional at the time of the alleged

wrong is clearly an argument without any basis in law.

Defendants ask the court to revisit the issue whether they are entitled to summary

judgment on plaintiff's First Amendment claim. Previously, the court applied the *Turner* factors to

this case and concluded that defendants were not entitled to summary judgment. *Turner v. Safley*,

482 U.S. 78, 88-91 (1987). The court explained that:

> Defendants contend that established law governing First Amendment
> claims dictates that prison rules rejecting mail not sent from a
> publisher or approved vendor in order to prevent the introduction of
> contraband are constitutional. However, as noted by the Sixth Circuit
> in its February 4, 2005, opinion remanding this case, the First
> Amendment issue in this case is not whether the policy was
> reasonably related to a legitimate penological interest, but whether
> Defendants' initial refusal to authorize PCG as a vendor was
> reasonably related to a legitimate penological interest. (Docket #11,
> p. 6.) Defendants have not come forward with any evidence
> suggesting that the PCG is not a legitimate church or religious
> organization.

Report and Recommendation at 5, docket #30.

The Turner factors that require analysis include (1) whether there is a valid rational

connection between the regulation and the legitimate governmental interest which it allegedly

furthers, (2) whether there are alternative means by which the inmate may exercise the right

impinged, (3) what impact the accommodation of the inmate's constitutional right will have on

guards, other inmates, or the allocation of prison resources generally, and (4) the existence or

absence of ready alternatives to the regulation in question. Defendants argue that the policy is

constitutional because prison officials must control the flow of written materials that come into the

prison by requiring that the materials come from a legitimate publisher or vendor. This does not

address the issue in this case, because that has nothing to do with whether the prison had a valid and

rational reason for rejecting the specific religious items ordered by plaintiff.  As the Sixth Circuit made clear, plaintiff may challenge the regulation as applied and this case does not present a general question regarding the constitutionality of the prison regulation.  The Sixth Circuit framed the first issue as "whether Defendants' refusal to authorize PCG as a vendor is reasonably related to a legitimate penological interest."  February 4, 2005, Sixth Circuit decision, at 6, Docket #11.  The Sixth Circuit concluded that "[t]here is nothing in the record or the district court's findings to suggest that PCG is not a legitimate church or religious organization."  *Id.*  This is an issue that defendants continue to ignore in addressing this claim.  For that reason alone, defendants are not entitled to dismissal of plaintiff's First Amendment claim.  Moreover, it does not appear that plaintiff had any alternative means to obtain these materials or ready alternatives to these materials, nor has any defendant shown that allowing plaintiff to have these materials would have burdened the prison.

Similarly, for the reasons previously addressed by the court in defendants' last motion for summary judgment, defendants' contention that the RLUIPA claim should be dismissed must fail as a matter of law.  As explained:

> In its February 4, 2005 opinion remanding this case, the Sixth Circuit noted that Plaintiff alleged that the confiscation of specific religious texts substantially burdened his right to practice his religion.  The Court further noted that Plaintiff was not required to explain how his inability to obtain the books burdened the exercise of his religion in his initial complaint in order to set forth a claim under the RLUIPA.  (Docket #11, p. 8.)  Defendants fail to address this aspect of Plaintiff's claims.  Therefore, the undersigned concludes that there is a genuine issue of material fact that Defendants' conduct violated Plaintiff's rights under the RLUIPA.

Report and Recommendation at 5-6, docket #30.

Nothing has changed since the court made these rulings in defendants' prior summary judgment motion.  In the opinion of the undersigned, defendants are not entitled to dismissal.

- 5 -

Defendants argue that plaintiff's First Amendment claim and his RLUIPA claim must fail because plaintiff has not suffered a physical injury as required under 42 U.S.C. § 1997e(e).  Of course, if 42 U.S.C. § 1997e(e) applied to claims under the First Amendment and the RLUIPA, a prisoner would almost never be able to assert these claims because it would be the very rare case where a prisoner would suffer a physical injury when asserting simply a First Amendment freedom of religion right claim and a claim under the RLUIPA.  The Sixth Circuit repeatedly has held, albeit in unpublished decisions, that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury.  *See, e.g.*, *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corrections Corp. of America*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000).  However, as the Ninth Circuit held in *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998), "[t]he deprivation of First Amendment rights entitles a plaintiff judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." 143 F.3d at 1213.  *See also Williams*, 2000 WL 1434459 (PLRA does not cover First Amendment retaliation claim); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (no requirement of physical, mental or emotional injury for First Amendment claim because deprivation of First Amendment rights standing alone is a cognizable injury).  In the opinion of the undersigned, there is no physical injury requirement necessary to assert a First Amendment claim or a claim under the RLUIPA.

Plaintiff has also moved for summary judgment in his favor arguing that he entitled to judgment on his First Amendment and RLUIPA claims.  However, a question of fact still exists whether plaintiff's religious rights were violated when he was denied the publications from PCG.

Accordingly, it is recommended that defendants' Motion for Summary Judgment (docket #72) be denied, and plaintiff's Motion for Summary Judgment (docket #74) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 16, 2006

- 7 -